IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GEORGE WILLIAMS, JR., #146 146          *

    Plaintiff,                              *

v.                                      * CIVIL ACTION NO. 2:05-CV-368-D
TAYLOR HARDIN SECURE MEDICAL              WO
FACILITY and the STATE OF ALABAMA       *
DEPARTMENT OF CORRECTIONS,
                                        *
    Defendants.
_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility located in Union Springs Alabama, filed this 42 U.S.C. § 1983 action on April 21, 2005. He asserts that while confined at the Taylor Hardin Secure Medical Facility in 1989 he was attacked and sustained serious injuries. Plaintiff received a third operation in March 2005 stemming from the injuries he received in the 1989 incident. As a result, Plaintiff requests that Taylor Hardin reimburse the State of Alabama/Alabama Department of Corrections for the three operations and award him $3 million. Named as defendants are the Alabama Department of Corrections and Taylor Hardin Secure Medical Facility.

Upon review of Plaintiff's allegations, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure

dockets.Justia.com

**DISCUSSION**

Neither Taylor Hardin Secure Medical Facility nor the Alabama Department of Corrections is subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's complaint against the named defendants is due to be dismissed. *Id*; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

.                              **CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 9, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of April, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE